1  Thomas A. Miller, Bar No. 129473
   TAMiller@rkmc.com
2  Hernaldo J. Baltodano, Bar No. 222286
   HJBaltodano@rkmc.com
3  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
   2049 Century Park East, Suite 3700
4  Los Angeles, CA  90067-3211
   Telephone:    310-552-0130
5  Facsimile:    310-229-5800

6  Attorneys for Defendant, BEST BUY CO., INC.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | EIJI KURIHARA individually, and on behalf of all others similarly situated, | Case No. C06-01884 MHP
12 |                                      | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER
13 | Plaintiffs,                          |
14 | v.                                   | **Action Filed:** March 10, 2006
   |                                      | **Trial Date:**   None Set
15 | BEST BUY CO., INC.,                  |
16 | Defendant.                           |

17

18
                        **I.**
19                   **RECITALS**

20     WHEREAS, the defendant Best Buy Co., Inc. ("DEFENDANT" or "BEST BUY")

21 possesses (1) confidential information that contains or constitutes trade secrets as defined under

22 California Civil Code Section 3426.1, and (2) personal and/or private information of third parties

23 that relates to personal, employment and financial affairs, including social security numbers and

24 tax information;

25     WHEREAS, plaintiff Eiji Kurihara ("PLAINTIFF") possesses, information that relates to

26 his own personal and financial affairs;

27     WHEREAS, the parties have served or anticipate serving discovery that may require the

28 production or disclosure by DEFENDANT and/or PLAINTIFF and/or third parties of confidential

**STIPULATED PROTECTIVE ORDER**
LA1 60137694.1

C06-01884 MHP

1  information in this litigation that contain or constitute trade secrets as defined under California
2  Civil Code Section 3426.1, and personal and/or private information of third parties;
3      WHEREAS, the parties desire to facilitate the exchange of information relevant to this
4  litigation and to avoid injury to PLAINTIFF and DEFENDANT (collectively, the "PARTIES") or
5  non-parties through the disclosure of such confidential information; and
6      **NOW THEREFORE,** the PARTIES, by and through the undersigned counsel, enter into
7  this STIPULATED PROTECTIVE ORDER and agree as follows:

## II.
## DEFINITIONS

A.  "COUNSEL" shall include outside and in-house counsel for the DEFENDANT and any attorney representing a PARTY in connection with the LITIGATION, and shall include any attorney that any PARTY retains or employs presently, has retained or employed in the past or may retain or employ in the future in connection with the LITIGATION.

B.  "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean DEFENDANT'S (1) non-public employee and customer lists; (2) non-public financial information and (3) non-public, proprietary business policies, practices, methods and technologies (including computer programming code and flow charts), which"[d]erive independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and …[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *See* Cal. Civ. Code § 3426.1(d). "Confidential" or "confidential Information" shall also mean the personal information of (1) PLAINTIFF, (2) other individuals, and (3) DEFENDANT'S employees, suppliers, agents, contractors, and customers, including their addresses, financial information, social security numbers, tax information, and other personal financial and identification information, which are also protected under California law. *See, Hill v. National Collegiate Athletic Association* (1994) 7 Cal.4th 1, 81 ("definition of the right of privacy is simply the 'right to be left alone'"); *Morales v. Superior Court* (1979) 99 Cal. App. 3d 283, 291 (observing that an individual's right not to have his name, address, and telephone number divulged warrants protection); *Cook v. Yellow*

1  *Freight System, Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990) ("individuals have a privacy interest in not having their names and addresses disclosed"); *Hooser v. Sup. Ct. (Ray)*, 84 Cal. App. 4th 997, 1004, 1008 (2000) (protecting third party clients' financial affairs from disclosure; California Constitution "protects against the unwarranted, compelled disclosure of various private or sensitive information regarding one's personal life").

CONFIDENTIAL INFORMATION may need to be included, without limitation, in the following: exhibits and testimony taken at deposition, affidavits or declarations; correspondence; answers to interrogatories; documents and tangible things produced by a PARTY or non-party (whether produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, subpoena, or otherwise); responses to requests for admission; and briefs or expert reports that may quote, summarize, or contain Confidential Information.

C.  "DOCUMENT" shall have the most comprehensive and inclusive meaning ascribed to it by Rule 34 of the Federal Rules of Civil Procedure or Rule 1001 of the Federal Rules of Evidence, and includes without limitation any written, recorded, electronically stored, or graphic material.

D.  "DESIGNATING PARTY" shall mean and include the PARTY or non-party that produces documents, information or other materials in connection with this litigation.

E.  "RECEIVING PARTY" shall mean a PARTY in this litigation (or counsel thereto and their agents) who obtains CONFIDENTIAL INFORMATION from a PRODUCING PARTY in accordance with this Order.

F.  "EXPERT" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a PARTY or COUNSEL to serve as a testifying expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

G.  "PROFESSIONAL VENDORS" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving, data in any form or medium; etc.) and their employees and subcontractors.

### III.
### SCOPE

The protections conferred by this Stipulated Protective Order cover not only CONFIDENTIAL INFORMATION, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal CONFIDENTIAL INFORMATION.

### IV.
### DESIGNATION

A.   **Exercise of Good Faith and Care in Designating Confidential Information**: Any DESIGNATING PARTY to this action may designate information or documents "CONFIDENTIAL" in the reasonable exercise of that DESIGNATING PARTY'S discretion and upon a good faith belief that such materials may reasonably be considered CONFIDENTIAL INFORMATION, provided, however, that by agreeing to this Stipulated Protective Order, no PARTY waives the right to challenge any other PARTY's or third party's designation.

B.   **Manner and Timing of Designations**:

(1.)   Designation of Documents or Filings: To the extent any documents or information are designated pursuant to this stipulated protective order, that PARTY shall designate them by stamping copies of the document produced with the legend "CONFIDENTIAL." Stamping the first page of any multi-page document shall designate all pages of the document as "CONFIDENTIAL" unless otherwise indicated by the stamping PARTY.

(2.)   Designation of Testimony at Deposition of Hearing:   Testimony regarding CONFIDENTIAL documents or information taken at a deposition or a hearing may be designated by counsel of record as "CONFIDENTIAL" by making a statement to that effect on the record at the deposition or hearing or, upon review of the transcript in writing, by COUNSEL for the PARTY to whose CONFIDENTIAL INFORMATION the deponent has had access, within fourteen (14) days after COUNSEL'S receipt of the transcript. In the latter case, COUNSEL shall identify the portion to be designated by page and line reference in writing, which writing shall be mailed to counsel for all other parties inserted at the end of the transcript.

1   Pending designation of a deposition transcript, the entire deposition transcript, including
2   any exhibits, shall be deemed CONFIDENTIAL. If no designation is made during the deposition,
3   or within fourteen (14) days after receipt of the transcript, the transcript shall be considered not to
4   contain any CONFIDENTIAL INFORMATION. An entire transcript cannot be designated as
5   CONFIDENTIAL unless the entirety of the testimony qualifies as such. Arrangements shall be
6   made by COUNSEL with the court reporter taking and transcribing such proceeding to separately
7   bind such portions of the transcript containing information so designated, and to label such
8   portions appropriately.

9   If, during any deposition or hearing, any PARTY desires to elicit testimony, offer
10  arguments, and/or introduce documents or other information which has been designated as
11  CONFIDENTIAL, or when COUNSEL deems that the answer to a question will result in the
12  disclosure of CONFIDENTIAL INFORMATION within the meaning of this Order, any person
13  present at the deposition or hearing who is not permitted access to such information shall leave
14  the deposition or hearing during the examination or argument. The failure of such persons to
15  leave the deposition or hearing shall constitute substantial justification for counsel to advise the
16  witness that he or she need not answer the question.

17  (3.)   Designation of Material Produced in Non-Paper Media or Other Tangible Items:
18  To designate non-paper media (e.g., videotape, audiotape, computer disk, etc.), the
19  DESIGNATING PARTY shall affix in a prominent place on the exterior of such non-paper media
20  a stamp or label titled "CONFIDENTIAL." In the event the RECEIVING PARTY generates any
21  copy, transcription, or printout from any such designated non-paper media, such PARTY must
22  treat it as CONFIDENTIAL INFORMATION and mark such copy, transcription or printout as
23  "CONFIDENTIAL."

## V.
## TREATMENT/DISCLOSURE OF CONFIDENTIAL INFORMATION

Material designated as CONFIDENTIAL and produced pursuant to this Order may be disclosed or made available:

A.   To the Court, in accordance with the provisions set forth in Sections VIII - IX

1  below;

2  B. COUNSEL (including the paralegal, clerical, and secretarial staff employed by
3  such counsel and to whom disclosure is reasonably necessary for the purposes permitted herein);

4  C. Any EXPERT retained or sought to be retained by COUNSEL for any PARTY to
5  assist in the prosecution or defense of this litigation to the extent such disclosure is reasonably
6  necessary to perform such work provided that such EXPERTs execute a Certification in the form
7  shown in Exhibit A to this Order;

8  D. Any person of whom testimony is taken (including members of the class who are
9  not named as Representative Plaintiffs), except that such person may only be shown copies of
10 CONFIDENTIAL material in preparation for and during his/her testimony, and only while in the
11 physical presence and under the direct supervision of any COUNSEL of record in this litigation.
12 Such person is not allowed to retain in his/her possession, copy, or otherwise capture
13 CONFIDENTIAL materials in whole or in part, and must execute a Certification in the form
14 shown in Exhibit "A" prior to being shown any CONFIDENTIAL INFORMATION;

15 E. Court reporter(s) or videographer(s) employed in this action;

16 F. PROFESSIONAL VENDORS; and

17 G. Any other person as to whom the parties agree in writing.

## VI.
## CONFLICTS AND DISPUTES IN DESIGNATION

A. Inadvertent Failure to Designate: A PARTY's inadvertent failure to designate testimony, documents, items or other information as "CONFIDENTIAL" shall not be construed as a waiver, in whole or in part, and that PARTY shall be able to so stamp or otherwise designate the document, testimony, item or other information after such production. The late designated information shall become CONFIDENTIAL at such time as the RECEIVING PARTY is notified.

B. Resolution of Disputes Regarding Confidentiality Designations: A PARTY does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time a designation is made, and is not precluded from making a subsequent challenge thereto during the pendency of this litigation.

(1)   If the dispute cannot be resolved, any PARTY may request relief from the Court by filing and serving a motion, in compliance with Local Rules.

(2)   The DESIGNATING PARTY shall bear the burden of proving that information has been properly designated as "CONFIDENTIAL." During the pendency of such dispute or application, and until the Court may rule otherwise, the information designated "CONFIDENTIAL" shall remain subject to the designations and restrictions of this Order.

## VII.
## RESTRICTIONS ON DISCLOSURE, ACCESS, AND USE

A.   Record Maintenance: All CONFIDENTIAL INFORMATION must be stored and maintained by a Receiving Party at a location and in a secure manner than ensures that access is limited to persons authorized under this Order.

B.   Copies, Summaries, and Extracts: No individual shall make copies, extracts or summaries of any CONFIDENTIAL INFORMATION produced during the course of this litigation except to the extent necessary for use as permitted by this Order. COUNSEL and all persons to whom such copies, extracts, or summaries are disclosed shall take all reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

C.   Limitation to Instant Action: No person or party, including third parties, receiving or providing any CONFIDENTIAL INFORMATION during the course of these proceedings shall disclose such CONFIDENTIAL INFORMATION to anyone other than as permitted by this Order nor use such CONFIDENTIAL INFORMATION for any purpose other than for use in this litigation, except as may be required by law, and then only upon adequate notice to the parties that such disclosure is required. Such notice shall be given prior to the time any disclosure of CONFIDENTIAL INFORMATION is made.

D.   PARTY's Use of Its Own CONFIDENTIAL INFORMATION: Except as otherwise stipulated by the parties or ordered by the Court, nothing herein shall impose any restrictions on the use or disclosure by the parties of their own CONFIDENTIAL INFORMATION. Nor shall anything herein impose any restrictions on the use or disclosure of documents or information obtained independently of a party or third party designating such

1  this Order shall survive the termination of this litigation. Any CONFIDENTIAL
2  INFORMATION retained by COUNSEL pursuant to sub-paragraph X.D. (above) shall retain its
3  CONFIDENTIAL status.

4      G.    This Stipulated Protective Order is without prejudice to the right of any PARTY to
5  seek relief from the Court, upon good cause shown, from any of the provisions contained herein.
6  This Stipulated Protective Order shall not be construed as waiving any right to assert a claim of
7  privilege, relevance, overbreadth, burdensomeness, or other grounds for not producing material
8  called for, and access to such material shall be only as otherwise provided by the discovery rules
9  and other applicable law. Nothing in this Order or in the production of any information or
10 document under the terms of this Order shall be deemed to have the effect of an admission or
11 waiver, including that anything is or is not CONFIDENTIAL INFORMATION.

## X.

### GOOD CAUSE STATEMENT

14     Best Buy possesses CONFIDENTIAL INFORMATION including its (1) non-public
15 employee and customer lists; (2) non-public financial information and (3) non-public, proprietary
16 business policies, practices, methods and technologies (including computer programming code
17 and flow charts), which"[d]erive independent economic value, actual or potential, from not being
18 generally known to the public or to other persons who can obtain economic value from its
19 disclosure or use; and …[i]s the subject of efforts that are reasonable under the circumstances to
20 maintain its secrecy." *See* Cal. Civ. Code § 3426.1(d). BEST BUY also possesses
21 CONFIDENTIAL INFORMATION of its employees, such as their names, residential home
22 addresses, telephone numbers, and social security numbers. Under the right to privacy
23 guaranteed by the California Constitution, such information is subject to protection from public
24 disclosure in the interests of protecting individuals' personal information from widespread and
25 potentially damaging disclosure. *See, Hill v. National Collegiate Athletic Association* (1994) 7
26 Cal.4th 1, 81 ("definition of the right of privacy is simply the 'right to be left alone'"); *Morales v.*
27 *Superior Court* (1979) 99 Cal. App. 3d 283, 291 (observing that an individual's right not to have
28 his name, address, and telephone number divulged warrants protection); *Cook v. Yellow Freight*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1 documents or information as CONFIDENTIAL INFORMATION.

2     E.   (1)   Inadvertent Production of CONFIDENTIAL INFORMATION: Where a PARTY claims to have inadvertently produced a document or information without a designation pursuant to this Order, the PARTY may require the return of any such document (and all copies thereof) within ten (10) days after the PARTY who produced it identifies it by bates-number or other reasonable means. Following receipt of the returned document or information (or at such time as agreed upon by the parties) the DESIGNATING PARTY shall re-produce the document or information with the CONFIDENTIAL designation in a reasonably expeditious manner. Moreover, where a PARTY has inadvertently produced a document which the PARTY later claims should not have been produced because of privilege or work product (or inadvertently produced without redacting the privileged content), the PARTY may require the return of any such document within ten (10) days after the PARTY who produced it identifies it by bates-number or other reasonable means.

    (2)   The inadvertent production of any document which the DESIGNATING PARTY later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which the DESIGNATING PARTY would have been entitled had the privileged document not inadvertently been produced. If the DESIGNATING PARTY requests the return, pursuant to this paragraph, of any such document from another PARTY, the PARTY to whom the request is made shall, within ten (10) days, return to the requesting PARTY all copies of the document within its possession, custody, or control - including all copies in the possession of experts, consultants, or others to whom the document was provided. In the event that only portions of the document contain privileged subject matter, the DESIGNATING PARTY shall substitute a redacted version of the document at the time of making the request for the return of the requested document.

    (3)   In the event any PARTY disputes the claim of privilege or inadvertent production, the PARTY may seek a court determination.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

### VIII.
### FILING CONFIDENTIAL INFORMATION.

Except as provided in this paragraph, without written permission from the DESIGNATING PARTY or a court order secured after appropriate notice to all interested persons, a PARTY or non-party may not file in the public record in this or any other action any CONFIDENTIAL INFORMATION protected under this Order.

A PARTY who wishes to file CONFIDENTIAL INFORMATION with the Court must either reach agreement with the DESIGNATING PARTY on a redacted version, or attempt to file that CONFIDENTIAL INFORMATION under seal in compliance with applicable rules. Neither the lodged document nor any proposed redacted version not the subject of agreement with the DESIGNATING PARTY will be filed in the public record, except upon Court order following an in-camera review of the lodged document. If a document is filed under seal, where possible, only the portions of filings containing CONFIDENTIAL INFORMATION shall be filed with the Court under seal.

### IX.
### USE OF CONFIDENTIAL INFORMATION AT TRIAL

Nothing contained herein shall prevent any PARTY from using CONFIDENTIAL INFORMATION for a trial in this matter, provided that the PRODUCING PARTY has reasonable notice at the time trial exhibits are designated. CONFIDENTIAL INFORMATION can be introduced at trial, provided that all CONFIDENTIAL stamps are removed before use. The removal of the "CONFIDENTIAL" stamp, however, shall not affect the status of the CONFIDENTIAL INFORMATION unless it is admitted into evidence by the Court, in which case, unless the Court orders otherwise, the evidence will become public knowledge.

### X.
### MISCELLANEOUS PROVISIONS

A.   This Stipulated Protective Order shall be without prejudice to the right of any PARTY to present a motion to the Court for a separate protective order. Pending a ruling from the Court, the DESIGNATING PARTY'S designation shall control.

B.   In addition, this Stipulated Protective Order shall not be used to require any

1  PARTY to produce any particular document or information. All parties retain whatever rights
2  and obligations they have under the Federal Rules of Civil Procedure for production of any
3  specific document or information.

4      C.    In the event any RECEIVING PARTY having possession, custody, or control of
5  any CONFIDENTIAL material receives a subpoena or other process or order to produce such
6  information in another, unrelated legal proceeding, then at least seven (7) court days before the
7  due date for compliance such RECEIVING PARTY shall notify counsel for the DESIGNATING
8  PARTY or third party of the subpoena or other process or order, furnish counsel for the
9  DESIGNATING PARTY or third party with a copy of said subpoena or other process or order,
10 and cooperate with respect to all reasonable procedures sought to be pursued by the
11 DESIGNATING PARTY or third party whose interests may be affected.

12     The DESIGNATING PARTY or third party asserting the CONFIDENTIAL treatment
13 shall have the burden of defending against such subpoena, process, or order. The PARTY
14 receiving the subpoena or other process or order shall be entitled to comply with it except to the
15 extent the DESIGNATING PARTY or third party asserting the CONFIDENTIAL treatment is
16 successful in obtaining an order modifying or quashing the subpoena or other process or order.
17 The RECEIVING PARTY shall not make the disclosure before the actual due date of compliance
18 set forth in the subpoena or order.

19     D.    Within sixty (60) days of the final termination of litigation between the parties, all
20 material designated CONFIDENTIAL and all copies thereof shall be returned to the PARTY
21 which produced it or shall be destroyed. Counsel for each PARTY shall be entitled to retain all
22 pleadings, motion papers (excepting CONFIDENTIAL INFORMATION attached as exhibits
23 thereto), legal memoranda, COUNSEL correspondence, and work product.

24     E.    Notwithstanding the designation of any information produced during discovery as
25 CONFIDENTIAL, the parties will not use discovery in this case for anything other than the
26 prosecution or defense of this action, and will not be used for any business, commercial,
27 competitive, personal or other purpose.

28     F.    Except as specifically provided herein, the terms, conditions, and limitations of

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA1 60137694.1     - 10 -    **STIPULATED PROTECTIVE ORDER**
C06-01884 MHP

1  *System, Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990) ("individuals have a privacy interest in not having their names and addresses disclosed").

Public disclosure of this CONFIDENTIAL INFORMATION could harm BEST BUY's own and its employees' privacy rights. Therefore, due to the sensitive and proprietary nature of the CONFIDENTIAL INFORMATION and the PARTIES' desire to facilitate the exchange of information relevant to this litigation and to avoid injury to any PARTY or non-party through the disclosure of the CONFIDENTIAL INFORMATION, *good cause* exists for granting the instant proposed Stipulated Protective Order.

## PROPOSED ORDER

Having been stipulated and agreed by the parties and through their counsel of record, and jointly submitted to the Court, and for *good cause* shown, **IT IS HEREBY ORDERED** that:

This Order shall be applicable to and govern all depositions, documents, information, or things produced in response to all discovery taken pursuant to the Federal Rules of Civil Procedure, as well as matters in evidence and other information hereafter furnished, directly or indirectly, by or on behalf of any PARTY or any non-party in connection with this litigation.

None of the procedures herein shall prohibit the use at trial of any CONFIDENTIAL material. The procedures governing the use and disclosure at trial may be the subject of further agreement or order of the Court.

Except to the extent expressly authorized in this Order or otherwise by the Court, CONFIDENTIAL INFORMATION discovered during the course of this litigation shall not be used or disclosed for any purpose other than the preparation, trial, or appeal of this litigation.

**SO STIPULATED**

Dated: December 10, 2006        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ Hernaldo J. Baltodano
Thomas A. Miller
Hernaldo J. Baltodano
*Attorneys for Defendant*
BEST BUY CO., INC.

1  Dated: December 11, 2006          SCOTT COLE & ASSOCIATES, APC

2                                    By: /s/ Mathew R. Bainer
3                                        Scott Edward Cole
                                         Matthew R. Bainer
4                                        *Attorneys for Plaintiff*
                                         EIJI KURIHARA

**IT IS SO ORDERED** subject to the attached supplemental order

Dated: 12/13, 2006

_____
The Honorable Marilyn Hall Patel
Judge of the United States District Court

LA1 60137694.1                         - 13 -          **STIPULATED PROTECTIVE ORDER**

C06-01884 MHP

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## EXHIBIT A

### CERTIFICATION AND CONFIDENTIALITY AGREEMENT

I, _____, certify and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Kurihara v. Best Buy Co., Inc. et al.*, Case No. C 06-01884 MHP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I acknowledge that I am to retain all copies of any of the materials that I receive that have been designated as "CONFIDENTIAL" in a manner consistent with this Order, and that all such copies are to be returned or destroyed as specified in this Order on the termination of this litigation or the completion of my duties in connection with this litigation.

Dated: _____      _____
                             Signature

                             _____
                             Type or Print Name

                             _____
                             Street Address

                             _____
                             City, State, and Zip Code

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

# ORDER APPROVING AND MODIFYING STIPULATED PROTECTIVE ORDER

## IN C 06-1884 EIJI KURIHARA v. BEST BUY CO., INC.

The above (attached) stipulation re confidentiality is approved except as follows:

1. Counsel shall narrowly tailor the documents, materials, or papers that come within this order.

2. As applied to documents, material, or paper filed with the court, this order shall be used sparingly to cover only those items that are clearly trade secret, come within clearly defined areas of privileges accepted in the federal courts, or have a compelling need for confidentiality.

3. Documents, material, or papers submitted as exhibits to or in support of motions or for pretrial, trial or other court proceedings shall not be filed under seal except by order of this court. The parties are reminded that the federal courts are public for and matters to be heard by the court are conducted publicly. Furthermore, documents, material, or other papers submitted as exhibits will remain as part of the court record and may not be withdrawn without order of the court.

4. Under no circumstances shall memoranda or pleadings required to be filed with the court pursuant to the Federal Rules of Civil Procedure or the Civil Local Rules of this District be filed under seal.

**IT IS SO ORDERED.**

Dated: 12/19/06

MARILYN HALL PATEL
United States District Judge