| | |
|---|---|
| 1 | Scott Edward Cole, Esq. (S.B. #160744) |
| | Matthew R. Bainer, Esq. (S.B. #220972) |
| 2 | Kevin R. Allen, Esq. (S.B. #237994) |
| | **SCOTT COLE & ASSOCIATES, APC** |
| 3 | 1970 Broadway, Ninth Floor |
| | Oakland, California 94612 |
| 4 | Telephone: (510) 891-9800 |
| | Facsimile: (510) 891-7030 |
| 5 | web:    www.scalaw.com |
| 6 | Attorneys for Representative Plaintiff |
| | and the Plaintiff Class |

**FILED**

AUG 0 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

EIJI KURIHARA, individually, and on behalf of all others similarly situated,

   Plaintiff,

v.

BEST BUY CO., INC.,

   Defendant.

Case No.: C 06-01884 MHP

**CLASS ACTION**

**[AMENDED ~~PROPOSED~~] ORDER:**

(1)  **PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT;**
(2)  **PROVISIONALLY CERTIFYING SETTLEMENT CLASS;**
(3)  **APPROVING NOTICE TO CLASS AND RELATED DOCUMENTS; AND**
(4)  **SETTING A HEARING FOR FINAL APPROVAL OF THE SETTLEMENT**

Date:  August 4, 2008
Time:  2:00 p.m.
Dept:  Courtroom 15, 18th Floor
Judge: Hon. Marilyn Hall Patel

1  **WHEREAS**, the Court has been advised that the parties to this action, through their counsel, have agreed, subject to Court approval following hearing, to settle this action upon the terms and conditions set forth in the Kurihara/Best Buy "Wage and Hour" Settlement Agreement and Release of Claims ("Settlement Agreement" or "Agreement"), filed herewith;

**WHEREAS**, Best Buy, Co., Inc., without admitting liability, has indicated its approval as set forth in the Settlement Agreement;

**WHEREAS**, the representative plaintiff has indicated his approval as set forth in the Settlement Agreement;

**NOW, THEREFORE**, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court, upon preliminary examination, that the settlement set forth in the Agreement is within the range of reasonableness, that a hearing should and will be held after notice to the class to confirm that the Agreement and settlement therein are fair, adequate, reasonable, and to determine whether a judgment and dismissal with prejudice should be entered into this action based upon the Agreement:

**IT IS HEREBY ORDERED THAT:**

1. This Order Preliminarily Approving Class Action Settlement, Approving Notice to Class and Related Documents, and setting a Hearing for Final Approval of the Settlement ("Preliminary Approval Order") hereby incorporates by reference the Settlement Agreement in its entirety, and all terms used herein shall have the same meanings as set forth therein.

2. On August 29, 2007, the Court certified the following class pursuant to Rule 23 (b)(3) of the Federal Rules of Civil Procedure: All persons who are/were employed by Best Buy, Inc., in one or more of its California retail stores at any time between August 25, 2004 and the present, and who were subjected to uncompensated security checks.

3. The definition of the class contained in the Settlement Agreement differs slightly from that which had been certified. The class is defined in the Settlement Agreement as follows: All persons who are/were employed as non-exempt employees by Best Buy in one or more of its California retail stores at any time between August 25, 2004 and the closing date, and who were subjected to security

1  checks.

2  4.  The Court finds that the slight changes to the class definition in the Settlement, do not result in a substantive change to the scope of the class the Court previously certified. However, for purposes of clarity, the Court hereby conditionally finds that, for purposes of approving this Settlement Agreement, and for no other purpose and with no other effect on this litigation, should the Settlement Agreement not be approved or the Final Effective Date not occur/arrive, the proposed Settlement class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed class is ascertainable and so numerous that joinder of all members of the class is impractical; (b) there are questions of law or fact common to the proposed class, and there is a well-defined community of interest amongst the members of the proposed class with respect to the subject matter fo the litigation; (c) the claims of the class representative Eiji Kurihara are typical of the claims of the members of the proposed class; (d) class representative Eiji Kurihara will fairly and adequately protect the interests of the members of the class; (e) a class action is superior to other available methods for an efficient method of adjudication of this controversy; and (f) Class counsel is qualified to act as counsel for the class representative in his own capacity as well as his representative capacity and for the class.

5.  The moving parties have presented to the Court for review a Settlement Agreement. The Settlement Agreement is within the range of reasonableness and meets the requirements for preliminary approval.

6.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Agreement is hereby preliminarily approved and the Settlement class is provisionally certified.

7.  The moving parties have also presented to the Court for review a plan to provide notice to the class of the terms of the Settlement Agreement and the options available to the class including, *inter alia*, the option to opt out of the class action, to remain in the class, to object to the terms of the Settlement Agreement, with counsel if so desired, and/or to file a claim for his/her settlement share.

8.  The Court approves the proposed notice plan and finds that distribution of the notice to the class, substantially in the manner set forth in the Settlement Agreement and herein, meets the

requirements of due process, is the best notice practical under the circumstances, and shall constitute due and sufficient notice to all persons so entitled.

9. Notice shall be provided to the class in the following manner only: Within 15 days following entry of the Preliminary Approval Order, Best Buy will provide the claims administrator and class counsel a confidential list containing the name and last known address of record, telephone number, and social security number of each potential member of the class.

10. As soon as practical but no later than 30 days after entry of the Preliminary Approval Order, the claims administrator shall mail the class notice and claim form to all class members via first-class mail using the updated address information. Prior to mailing the class notice to each class member, the claims administrator shall undertake a reasonable address verification measures to ascertain the current accuracy of the last known address for each class member. To the extent that this process yields an updated address, that updated address shall replace the last known address and be treated as the new last known address for purposes of subsequent mailings.

11. Within 20 days after mailing of the class notice, the claims administrator shall send a reminder postcard to the class members reiterating that their time to file a claim form will expire at the end of the claims period.

12. With respect to each class notice or subsequent mailing which is returned as undeliverable before the end of the exclusion period, the claims administrator shall promptly attempt to determine a correct address using a standard skip trace (also known as a "credit header search") and shall re-send the class notice and claim form via first-class mail to any new address thereby determined.

13. As soon as practical, but prior to the claims administrator mailing the class notice and claim form to the class members, the claims administrator shall place an interactive website with an address located at "www.BestBuySettlement.com" (or similar) on the internet. The website shall make available copies of the class notice and claim form in both English and Spanish, and allow class members to download these documents in ".pdf" format, and also permit class members to securely submit their claim form online (referred to as "e-filing" in the Agreement) in a form mutually agreeable to the Parties and substantially equivalent to the claim form attached as Exhibit A to the Settlement Agreement.

14.    Within 12 business days after the expiration of the claims period, the claims administrator shall notify class counsel and Best Buy's counsel of (i) the class members who have opted-out of the class, and (ii) the class members who have submitted claim forms.

15.    At least fifteen (15) days prior to the final approval hearing, the claims administrator shall provide defendant's counsel and class counsel with a Declaration of Due Diligence and Proof of Mailing. The declaration shall specify the number of class members to whom class notice and claim forms were sent, the number of class members to whom class notice and claim forms were not delivered, and the names of any opt-outs. Class counsel shall file this declaration with the Court prior to the final approval hearing.

16.    The final approval hearing shall be held on December 1, 2008 in Department 15 of this Court, to determine whether the proposed Settlement Agreement is fair, adequate, reasonable, and should be approved. Plaintiff's papers in support of the proposed settlement, and any application for award of attorneys' fees, costs and expenses to class counsel, and any application for a service payment to Plaintiff, shall be filed with the Court on or before October 27, 2008. Should the proposed Settlement Agreement be approved, following the final approval hearing, the Court shall enter judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members who do not opt-out, including the Plaintiff.

17.    Any class member who desires to be excluded from the Settlement Agreement must timely submit a request for exclusion as set forth in the Settlement Agreement and per the instructions contained in the class notice and claim form. All such persons who properly and timely file a request for exclusion shall not be class participants, shall have no rights with respect to the Agreement and no interest in the settlement proceeds, and shall have no standing to object to the proposed settlement nor will they be bound by the release contained in the settlement. The names of all excluded individuals ("Non-Participating Class Members") shall be set forth in the Claims Administrator's Declaration of Due Diligence and Proof of Mailing, which shall be filed with the Court prior to the final approval hearing as provided herein.

18.    In the event that more than 1,000 members of the class members file timely requests to be excluded from the Settlement Agreement, Defendant may, at its sole option, terminate the

Agreement in the manner and timing set forth in the Agreement. In the event the settlement is terminated, Best Buy shall have no obligation to make any payments to any party, class member or attorney, except that Best Buy shall pay the claims administrator for services rendered through to the date the claims administrator is notified that the settlement has been terminated.

19. Any member of the class who has not opted-out of the settlement yet who objects to the approval of the proposed settlement may appear at the final approval hearing, in person or through counsel, to show cause why the proposed settlement should not be approved as fair, adequate and reasonable, after following the procedures set forth in the Settlement Agreement.

20. The Court shall not hear objections to the proposed Settlement Agreement, nor consider any papers or briefs submitted in support of said objections, unless, those class members (other than Non-Participating Class Members) have followed the procedures set forth in the Settlement Agreement and described in the class notice and claim form. Non-Participating Class Members shall have no standing to objecting the Settlement Agreement. Any class member who does not make his/her objection to the Settlement Agreement in the manner and within the time provided in the Settlement Agreement and the class notice shall be deemed to have waived any such objection, and may not later raise any objection at the final approval hearing, or by appeal, collateral attack, or otherwise.

21. Any class member who does not timely opt-out of the class and Settlement Agreement shall be bound by the release contained in the Settlement Agreement.

22. Unless otherwise modified by the Court, the dates for performance are as follows:

| Date/Triggering Event: | Event: |
|---|---|
| August 4, 2008: | Court to order preliminary approval of settlement. |
| August 19, 2008: | Deadline for Defendant to provide class counsel and the claims administrator with a class list. |
| September 3, 2008: | Deadline for claims administrator to mail out class notice and claim form ("Class Notice Package") to Settlement Class. |
| September 3, 2008: | Deadline for claims administrator to post interactive website where class members will be able to obtain copy of class notice package and submit online claim. |

| Date/Triggering Event: | Event: |
|---|---|
| September 23, 2008: | Deadline for mailing the reminder postcard to class list. |
| October 3, 2008: | Last day for class members to opt-out of class via mailing a written request for exclusion to claims administrator. |
| October 3, 2008: | Last day for class members to object to the Agreement. |
| October 18, 2008: | Last day for any class member to submit a claim for their settlement share. |
| December 1, 2008: | Final approval hearing. |

**IT IS SO ORDERED.**

DATED: _8/7_, 2008

_____
The Honorable Marilyn Hall Patel
U.S. District Judge

[Amended Proposed] Order